UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERRY FACTOR, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-266 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiffs Jerry and Jacqueline Factor seek to prevent Defendant JP Morgan Chase from foreclosing on their home in Pearland, Texas.  The Factors filed suit against lien holder JPMorgan Chase Bank, N.A. seeking an injunction, damages, and declaratory judgment.  Defendants seek summary judgment on the remaining claims, which raise issues under the Truth in Lending Act (TILA) the Real Estate Settlement Procedures Act (RESPA), and the Texas statute of limitations for foreclosure actions. After reviewing the relevant evidence and arguments, the Court **GRANTS** the Defendant's Motion for Summary Judgment

## I.  BACKGROUND

On April 10, 2006, the Factors executed a promissory note in favor of LoanAmerica Home Mortgage, Inc.  Docket Entry Nos. 11-1, 11-2.  On January

13, 2009, Defendant's predecessor, Chase Home Finance LLC, acquired the mortgage lien.  The Factors allege that Chase failed to give them proper notice of its ownership as a new creditor and that Chase accelerated the mortgage thereby starting the four-year statute of limitations for foreclosure ending in March 2013.

But Chase sent the Factors a notice of acceleration on the lien on January 23, 2009, which also included notice that Chase was the lien's assignee.  Docket Entry No. 23 at 5.  Chase sent additional notices of acceleration and detailed information about the loan on June 2, 2009.  Chase claims that it rescinded the acceleration, however, on October 9, 2009 by sending a notice to the Factors' home address. The Factors inquired about the loan at some point prior to June 14, 2013, and Chase responded with information about the loan and several documents pertaining to a prior request for verification of debt.  Although Chase has not foreclosed and the Factors still live in the mortgaged property, they filed suit to prevent Chase from foreclosing in the future.

Now Defendants move for summary judgment on the basis that the statute of limitations period for recovery of real property has not expired, and that the evidence cannot support a claim under TILA or RESPA.  In a phone call to the Court, Plaintiffs voluntarily declined to respond to the motion for summary judgment.

## II.  STANDARD OF REVIEW

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  All reasonable doubts on questions of fact must be resolved in favor of the party opposing summary judgment.  *See Evans v. City of Houston,* 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

A court may not grant summary judgment simply because a nonmovant fails to respond, but the court may decide the merits of the case based on a defendant's motion and supporting evidence.  *See Parish v. Werner Co.*, 2006 WL 734418, at *1 (S.D. Tex. Mar. 20, 2006); *Eversley v. MBank Dallas*, 843 F.2d 172, 173–74 (5th Cir. 1988) (affirming the district court's acceptance of the facts in the defendant's motion for summary judgment as undisputed when the non-movant failed to submit a response).

## III.  ANALYSIS

Plaintiffs remaining claims are as follows: (1) Chase violated TILA when it failed to notify the Factors of the mortgage lien transfer within 30 days; (2) Chase violated RESPA when it failed to acknowledge Plaintiffs' Qualified Written Request (QWR) within five days of receipt; and (3) the four-year statute of

limitations on foreclosure has expired because Chase's acceleration of the mortgage was in March 2009.

### A. TILA Claim

The Factors allege that Chase failed to give them proper notice of its ownership of the mortgage as a new creditor, which violates TILA. When a mortgage loan is sold or assigned to a third party, the creditor that is the new assignee of the debt shall notify the borrower in writing of such transfer "not later than 30 days after the date on which a mortgage loan is sold." 15 U.S.C. § 1641(g)(1).

Chase raises a number of defenses to the TILA claim, the most simple of which is that it complied with the 30-day requirement. Ten days after Chase acquired the lien on January 13, 2009, it sent a letter via certified mail to the Factors, informing them of Chase's status as the new Mortgagee. *See* Docket Entry No. 23-1 at 5–9. Chase thus is entitled to summary judgment on the TILA claim.

### B. RESPA Claim

The Factors also allege that Chase violated RESPA by failing to acknowledge a QWR pertaining to the mortgage within the required time limit. RESPA requires a mortgagee to "provide a written response acknowledging receipt of the correspondence within 5 days." 12 U.S.C. § 2605.

Proving the wisdom and professionalism of Plaintiffs' counsel's acknowledgement that he had no basis for opposing summary judgment, Chase once again submits evidence rejecting the factual basis for the claim. That documentation indicates that Chase received a QWR on June 11, 2013, and sent a letter acknowledging receipt of the inquiry on June 14, 2013. Docket Entry No. 1-5 at 48–49. Chase therefore is also entitled to summary judgment on the RESPA claim.

## C. Statute of Limitations

Under Texas law, a suit for foreclosure of real property must be brought within four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035(a). The Factors seek a declaration that Chase's mortgage lien is invalid due to its failure to foreclose the mortgage within four years of March 2009, which is when Chase first sent the acceleration notice to them. Docket Entry No. 11 ¶15.

Chase provides unrefuted evidence that it rescinded the acceleration of the mortgage on October 12, 2009. Docket Entry No. 23-1 at 14–17. This Court has previously held that filing a notice of rescission serves as an effective abandonment to the acceleration of the mortgage note and deed of trust, restoring the note to its original terms. *See Clawson v. GMAC Mortg., LLC*, 2013 WL 1948128, at *4 (S.D. Tex. 2013). If another acceleration notice is sent after the

rescission, the limitations clock starts anew. *Id.* And under Texas law, the creditor retains the ability to abandon acceleration and does not need the borrower's consent. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566–67 (Tex. 2001) (noting holder's ability to abandon acceleration by continuing to accept payments without exacting available remedies); *Santibanez v. Saxon Mortg. Inc.*, 2012 WL 3639814, *2(Tex. App.—Eastland 2012, no pet.) ("The parties can abandon acceleration and restore the contract to its original terms by agreement or action." (citations omitted)); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 356 (Tex. App.-Houston [1st Dist.] 2012, no pet.) ("It has been the law of Texas at least since 1901 that the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions." (citing *San Antonio Real-Estate, Bldg. & Loan Ass'n v. Stewart*, 61 S.W. 386, 388 (Tex. 1901))).

As there is no genuine issue of material fact as to whether Chase properly rescinded its acceleration of the Factors' mortgage, the statute of limitations does not invalidate Chase's ability to foreclose.

## IV.  CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (Docket Entry No. 23) and the Factors' claims are **DISMISSED WITH PREJUDICE**.

**SIGNED** this 28th day of July, 2014.

Gregg Costa

United States Circuit Judge[*]

---

[*] Sitting by designation.